MAYER BROWN LLP
ANDREW S. ROSENMAN (SBN 253764)
*arosenman@mayerbrown.com*
71 South Wacker Drive
Chicago, Illinois 60606
Telephone: (312) 701-8744
Facsimile: (312) 706-8775

SEAN A. FLORES (SBN 328119)
*sflores@mayerbrown.com*
350 South Grand Avenue, 25th Floor
Los Angeles, California 90071-1503
Telephone: (213) 229-9500
Facsimile: (213) 625-0248

Attorneys for Defendant
CATERPILLAR INC.

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DIANA VEGA ZAMUDIO, an individual, | Case No.: 1:21-at-01052 |
| Plaintiff, | Kern County Case No.: BCV-21 102423 |
| vs. | **NOTICE OF REMOVAL UNDER 28 U.S.C. §§ 1332, 1441 AND 1446 BY DEFENDANT CATERPILLAR INC. WITH CONSENT OF AEROTEK, INC.** |
| AEROTEK, INC., a Maryland Corporation; CATERPILLAR INC., a Delaware Corporation; and DOES 1 through 50, inclusive, | |
| Defendants. | [*Filed concurrently with Defendant's Request for Judicial Notice and the Declaration of Horacio Ramirez*] |

TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HER COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Caterpillar Inc. ("Caterpillar"), with the consent of Defendant Aerotek, Inc. ("Aerotek"), hereby removes to this Court the state court action described below.

## Introduction

This is a civil action for which this Court has original jurisdiction under 28 U.S.C. § 1332(a)(1), and for which removal to this Court is appropriate pursuant to 28 U.S.C. §§ 1441 and 1446, as discussed in more detail below.

## This Notice of Removal is Timely, and Aerotek Consents to the Removal

1. On October 15, 2021, Plaintiff Diana Vega Zamudio ("Plaintiff") filed an employment-related lawsuit in the Superior Court of the State of California, County of Kern, against Aerotek and Caterpillar (collectively, "Defendants"). The state court lawsuit is captioned *Zamudio v. Aerotek, Inc., et al.*, Case No. BCV-21-102423. Plaintiff's caption also includes "Does 1 through 50" as additional defendants. A copy of the state court Complaint is included within Exhibit A hereto.

2. The Complaint alleges causes of action principally related to the termination of Plaintiff's employment. In particular, Plaintiff alleges the following causes of action against Defendants: (1) disability discrimination in violation of the California Fair Employment and Housing Act ("FEHA"); (2) failure to provide a reasonable accommodation in violation of FEHA; (3) failure to engage in a good faith interactive process in violation of FEHA; (4) retaliation in violation of FEHA; and (5) wrongful termination in violation of public policy. *See* Exhibit A.

3. On October 19, 2021, Caterpillar was served with the Summons and Complaint. *See* Exhibit A. Pursuant to 28 U.S.C. § 1446(a), true and correct copies

of all process, pleadings, and orders served upon Aerotek and Caterpillar are attached to this Notice of Removal as Exhibit A.

4. "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]" 28 U.S.C. § 1446(b)(1).

5. The 30-day timing requirement is met here because Caterpillar is filing this Notice of Removal on November 18, 2021, which is the 30th day after the Summons and Complaint were served on Caterpillar. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) ("the 30-day period for removal runs" from the date that "the summons and complaint are served together").

6. On November 17, 2021, Aerotek and Caterpillar filed their respective Answers to the Complaint in Kern County Superior Court. *See* Exhibits B and C.[1]

7. No documents other than those set forth in Exhibits A, B and C have been served upon Defendants in the state court action.

8. The undersigned counsel for Caterpillar represents that he communicated with Aerotek's counsel of record in the state court action, Michael S. Kun of Epstein Becker & Green, P.C., on November 18, 2021, and that Mr. Kun confirmed that Aerotek consents to the removal of this action from Kern County Superior Court to this Court. *See Proctor v. Vishay Intertech., Inc.*, 584 F.3d 1208, 1225 (9th Cir. 2009) ("[T]he filing of a notice of removal can be effective without individual consent documents on behalf of each defendant. One defendant's timely

---

[1] It is well-settled that "[s]imply filing an answer in state court does not waive Defendants' right to remove because the Federal Rules of Civil Procedure themselves contemplate an answer in state court prior to removal." *Oster v. Standard Life Ins. Co.*, 2009 WL 1260174, at *2 (N.D. Cal. May 6, 2009); *see also* Fed. R. Civ. P. 81(c)(2) ("After removal, repleading is unnecessary unless the court orders it."). Further, "[c]ourts may take judicial notice of state court filings that are related to the litigation before the court." *Natomas Gardens Inv. Group LLC v. Sinadinos*, 2009 WL 1363382, at *9 (E.D. Cal. May 12, 2009).

1  removal notice containing an averment of the other defendants' consent and signed
2  by an attorney of record is sufficient.").

### This Court Has Original Jurisdiction Pursuant to 28 U.S.C. § 1332(a)(1)

4  9.  "[A]ny civil action brought in a State court of which the district courts of the United States have jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C § 1441(a).

8  10.  This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1), because, as explained below, the matter is between citizens of different States and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

### There is Complete Diversity of Citizenship and
### No Defendant is a Citizen of the State of California

14  11.  Plaintiff alleges in her Complaint that she was employed by Aerotek and Caterpillar in Kern County.  *See* Exhibit A, Complaint ("Compl.") ¶ 1.  Although the Complaint does not identify where she lives, Aerotek's records reflect that Plaintiff resided in California throughout her employment with Aerotek, and information Plaintiff provided in a background check form to Aerotek indicated that Plaintiff had lived in California since at least August 2012.  *See* Declaration of Horacio Ramirez in Support of Notice of Removal ("Ramirez Decl.") ¶ 5.  Upon information and belief, Plaintiff continues to reside in California.

22  12.  Aerotek is incorporated under the laws of the State of Maryland, and maintains its principal place of business in Maryland.  Ramirez Decl. ¶ 3.  Aerotek's corporate headquarters are located in Maryland as well.  *Id.*  The Complaint also alleges that Aerotek is "a corporation duly organized and existing under and by virtue of the laws of the State of Maryland."  Compl. ¶ 2.

27  13.  Caterpillar is incorporated under the laws of the State of Delaware, and has long maintained its principal place of business in the State of Illinois.  The

Complaint also alleges that Caterpillar is "a corporation duly organized and existing under and by virtue of the laws of the State of Delaware." Compl. ¶ 3. Caterpillar's corporate headquarters are located in Illinois as well. By way of further example, just in the past few months alone (and in countless cases before then), Caterpillar successfully removed, on diversity grounds, numerous state court cases to federal district courts based on the specific assertion that the company is incorporated in Delaware and has its principal place of business in Illinois. *See, e.g.*, *DeBlauwe v. Caterpillar Inc.*, Case No. 1:21-cv-11789, ECF No. 1 (E.D. Mich. Aug. 4, 2021); *Grasinger v. Caterpillar Inc.*, Case No. 2:21-cv-00956, ECF No. 1 (W.D. Pa. July 21, 2021); *Lepard v. Caterpillar Inc.*, Case No. 1:21-cv-00099, ECF No. 1 (N.D. Miss. June 16, 2021); *Alvarado-Lopez v. Caterpillar Inc.*, Case No. 4:21-cv-01759, ECF No. 1 (S.D. Tex. May 28, 2021). Exhibit D.[2] Similarly, Caterpillar's most recent Form 10-K, filed with the Securities and Exchange Commission on February 17, 2021, states that the company is incorporated in Delaware and has its principal executive office at 510 Lake Cook Road, Suite 100, in Deerfield Illinois. Exhibit E.[3]

14. For purposes of removal, "a corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business[.]" 28 U.S.C. § 1332(c)(1). As set forth above, the matter in controversy is between completely diverse parties: Plaintiff is, on information and belief, still a resident of California. Aerotek is a citizen of Maryland, and Caterpillar is a citizen of Delaware and Illinois. Neither corporate defendant is a citizen of the State of California. Further, the inclusion of the "Doe"

---

[2] This Court can and should take judicial notice of these submissions if there is any doubt as to whether Caterpillar's principal place of business is in Illinois. "Courts can properly take judicial notice of other court filings and matters of public records." *Vance v. FaceFirst, Inc.*, 2021 WL 5044010, at *1 n.1 (C.D. Cal. June 2, 2021).

[3] "Judicial notice of SEC filings is appropriate." *In re Edward D. Jones & Co., L.P. Sec. Litig.*, 2019 WL 2994486, at *2 (E.D. Cal. July 8, 2019) (citing *Dreiling v. Am. Exp. Co.*, 458 F.3d 942, 946 n.2 (9th Cir. 2006). Accordingly, this Court, like others in the past, should take judicial notice of the referenced 10-K filing. *See, e.g.*, *S. Cal. Gas Co. v. Syntellect, Inc.*, 2011 WL 1168444, at *5 (S.D. Cal. Mar. 28, 2011), *vacated in part on other grounds*, 534 F. App'x, 637 (9th Cir. July 25, 2013).

defendants is irrelevant because the removal statute specifically provides that "the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1). *See also Soliman v. Philip Morris Inc.*, 311 F.3d 966, 971 (9th Cir. 2002).

**The Amount in Controversy Exceeds $75,000**

15.     The Ninth Circuit has stressed that "[t]he amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010). Here, the amount in controversy easily exceeds the $75,000 threshold.

16.     While the Complaint does not set forth any specific monetary amounts that Plaintiff seeks to recover in this litigation, it is noteworthy that the face of the Complaint reflects that Plaintiff filed her state court action as an "unlimited jurisdiction" case in which she claimed an "Amount in Controversy Over $25,000". *See* Exhibit A. Further, the prayer for relief on the last page of her Complaint seeks all of the following categories of damages and remedies: (1) "compensatory damages including lost wages, future loss [sic] wages, earnings, other employee benefits, and all other sums of money, together with interest on these amounts"; (2) "General damages . . . in an amount in excess of the jurisdictional minimum of the [state court];" (3) "a money judgment for mental pain and anguish and emotional distress"; (4) "All other special and incidental damages"; (5) "an award of punitive damages"; and (6) "attorney fees as provided by statute, including California Government Code section 12965(b)". Exhibit A, Compl. p. 12. Based on these various categories of damages, the facts and authorities set forth below, and the evidence attached hereto, the amount in controversy easily exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1446(c)(2); *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014).

17.     For example, Plaintiff's lost wages prior to removal coupled with potential future lost wages through trial suffice on their own to satisfy the $75,000

threshold. When assessing the amount in controversy, "[c]ourts may separate wages into two categories: 'past wages—i.e., lost wages between the date of Plaintiff's termination and the date of removal—and future wages—i.e., lost wages between the date of removal and trial." *Baghdasarian v. Macy's, Inc.*, 2021 WL 4026760, at *5 (C.D. Cal. Sept. 2, 2021) (denying motion to remand) (quoting *Fisher v. HNTB Corp.*, 2018 WL 6323077, at *5 n.7 (C.D. Cal. Dec. 3, 2018)).

18. When Plaintiff's employment ended on or about October 18, 2019, she was earning $14.75 per hour and working approximately 40 hours per week. Ramirez Decl. ¶ 5. Accordingly, Plaintiff was earning approximately $590 per week. More than two years have passed since Plaintiff's employment ended. If Plaintiff were to recover back wages from October 18, 2019 to the present, which is approximately 108 weeks, those wages alone would total approximately **$63,720** (*i.e.*, $14.75 per hour, multiplied by 40 hours per week, multiplied by 108 weeks).

19. Moreover, lost future wages must be considered because Plaintiff claims that her termination resulted in such losses. Compl. ¶¶ 32, 41, 50, 59, 66. "When the date of a trial is not set, courts have found one year from the date of removal to be a conservative trial date estimate." *Baghdasarian*, 2021 WL 4026760, at *5; *see also Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 417 (9th Cir. 2018) ("If a plaintiff claims at the time of removal that her termination caused her to lose future wages . . . then there is no question that future wages are 'at stake' in the litigation."). If this action were to proceed to trial in November 2022 – just one year from this Notice of Removal, and Plaintiff remained unemployed during that period, Plaintiff could seek an additional 52 weeks of lost wages, which equates to **$30,680** (*i.e.*, $14.75 per hour, multiplied by 40 hours per week, multiplied by 52 weeks). Thus, the value of Plaintiff's lost wages prior to removal coupled with future wages through trial would be **$94,400**. Such damages do not even account for lost employment-related benefits referenced in the Complaint.

20. Many other categories of damages increase the amount in controversy even further. For example, Plaintiff avers that, as a result of Defendants' alleged unlawful conduct, she "suffered, and continues to suffer humiliation, embarrassment, mental and emotional distress and discomfort." Compl. ¶¶ 33, 42, 51, 60, 67. Plaintiff's potential damages for alleged pain and suffering and/or emotional distress bolster the conclusion that the $75,000 threshold for the amount in controversy is easily met in this case. *See, e.g.*, *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001) (holding that emotional distress damages are included in determining amount in controversy); *see also Velez v. Roche*, 335 F. Supp. 2d 1022, 1038–40 (N.D. Cal. 2004) (surveying discrimination and harassment cases awarding emotional distress damages and concluding that "substantial jury awards of hundreds of thousands of dollars for non-economic damages have been upheld where there is evidence . . . that the plaintiff suffered heightened mental anguish."). In *Kroske v. U.S. Bank Corp.*, the Ninth Circuit affirmed the district court's conclusion that the case was properly removed to federal court where "emotional distress damages would add at least an additional $25,000" to the value of the plaintiff's discrimination claim, where she had only $55,000 in lost wages. 432 F.3d 976, 980 (9th Cir. 2005). Therefore, it is reasonable to conclude that Plaintiff's claims for emotional distress could add at least **$25,000** to the amount in controversy here.

21. Plaintiff also alleges that Defendants acted with oppression and malice, and seeks punitive damages on that basis. Compl. ¶¶ 34, 43, 52, 61, 68. Under California law, punitive damages may be recovered "where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice." Cal. Civ. Code § 2394(a). Punitive damages may be included in calculating the amount in controversy. *See Gibson*, 261 F.3d at 945 ("It is well established that punitive damages are part of the amount in controversy in a civil action."). Although there may be no statutory limit on the amount of punitive damages that are recoverable in this matter, the Supreme Court has stated that, "in practice, few awards

exceeding a single-digit ratio between punitive and compensatory damages, to a significant degree, will satisfy due process." *State Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003).

22. District courts within the Ninth Circuit have deemed a 1:1 ratio of punitive damages to damages for lost or unpaid wages and benefits as "conservative" for purposes of assessing the amount in controversy. *See e.g.*, *Molina v. Target Corp.*, 2018 WL 3935347, at *4 (C.D. Cal. Aug. 14, 2018); *Jackson v. Compass Grp. USA, Inc.*, 2019 WL 3493991, at *6 (C.D. Cal. July 31, 2019). Thus, without conceding that an award of punitive damages would be warranted in this case, a 1:1 ratio of punitive damages to damages for lost wages through trial would add another **$94,400** to the amount in controversy.

23. The Complaint also includes claims for attorneys' fees in each of the first four causes of action. Compl. ¶¶ 35, 44, 53, 62. "[W]here an underlying statute authorizes an award of attorneys' fees . . . such fees may be included in the amount in controversy." *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998). Plaintiff's first four causes of action each arise under the FEHA, a statute that permits the prevailing party to recover attorneys' fees. *See* Cal. Gov't Code § 12965(b). Accordingly, attorneys' fees may be included in calculating the amount in controversy. *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1035 (N.D. Cal. 2002) (noting that "attorneys' fees in individual discrimination cases often exceed the damages"). The estimate of attorneys' fees includes fees over the life of the case, not just the fees incurred at the time of removal. *Id.*

24. "Employment claims have been found to require substantial effort from counsel." *Garcia v. ACE Cash Express, Inc.*, 2014 WL 2468344, at *5 (C.D. Cal. May 30, 2014) (internal quotations omitted). Courts have held that $300 is a reasonable hourly rate for attorneys working on employment cases. *See Sasso v. Noble Utah Long Beach, LLC*, 2015 WL 898468, at *6 (C.D. Cal. Mar. 3, 2015). "Recent estimates for the number of hours expended

1  through trial for employment cases in [an employment disability discrimination case alleging wrongful termination] have ranged from 100 to 300 hours." *Id.* Accordingly, attorneys' fees in employment matters "may reasonably be expected to equal at least $30,000 (100 hours x $300 per hour)." *Id.* Therefore, a conservative estimate of attorneys' fees using a $300 hourly rate, would add **$30,000** more to the amount in controversy.

25. For all of these reasons, the $75,000 amount-in-controversy threshold is satisfied based on the allegations in Plaintiff's Complaint.

26. By removing this case based on diversity of citizenship, Defendants intend no admission of liability and expressly reserve all procedural and substantive defenses—including the right to move to compel arbitration of Plaintiff's claims in accordance with any applicable arbitration agreement—and to any and all claims for damages asserted by Plaintiff.

## Venue is Proper in this District

27. The Superior Court of the State of California, County of Kern, is located within the Eastern District of California. 28 U.S.C. § 84(b). This Notice of Removal is therefore properly filed in this Court pursuant to 28 U.S.C. § 1441(a).

## Notice to Plaintiff and the State Court

28. In accordance with 28 U.S.C. § 1446(d), Caterpillar will promptly file this Notice of Removal, including exhibits, in the Kern County Superior Court after removal, and serve Plaintiff with a copy of a Notice in the form attached hereto as Exhibit F, which is incorporated by reference.

29. In addition, in the event that removal of this action is challenged, Defendants reserve the right to submit evidence in opposition to any motion to remand. *Owens*, 135 S. Ct. at 554.

WHEREFORE, Defendants give notice that they have removed to this Court the action now pending in Kern County Superior Court.

| | | |
|---|---|---|
| 1 | Dated: November 18, 2021 | MAYER BROWN |

By: */s/ Andrew S. Rosenman*
Andrew S. Rosenman

Attorneys for Defendant
CATERPILLAR INC.