UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIANA VEGA ZAMUDIO,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>AEROTEK, INC, et al.,<br><br>　　　　　Defendants. | Case No. 1:21-cv-01673-JLT-CDB<br><br>ORDER GRANTING DEFENDANTS' MOTIONS TO STAY DISCOVERY PENDING RULING ON MOTION TO COMPEL ARBITRATION<br><br>(Docs. 43, 49) |

  Pending before the Court are the motions of Defendant Aerotek Inc. ("Aerotek") and Caterpillar Inc. ("Caterpillar") to stay this case pending resolution of a separate motion to compel arbitration. Aerotek filed its motion to stay on December 5, 2023 (Doc. 43), which is joined by Caterpillar (Doc. 45). Plaintiff filed an opposition on December 19, 2023 (Doc. 47), and Aerotek filed a reply on December 29, 2023 (Doc. 51). Caterpillar separately moved to stay on December 21, 2023, which is unopposed. (Doc. 49). For the reasons set forth below, the Court shall stay discovery in this action until the Court rules on Aerotek's renewed motion to compel arbitration.[1]

**I. Background**

  Aerotek is a temporary staffing company incorporated in Maryland. (Doc. 16-1 ¶3). Caterpillar is one of Aerotek's clients. *Id*. Aerotek hired Plaintiff on or around July 10, 2019, as a full-time warehouse employee and placed her with Caterpillar. (Doc. 1-1 p. 3). Plaintiff alleges that she was terminated under false pretenses after sustaining an injury at work and raises claims against Defendants for (1) disability discrimination in violation of California's Fair Employment

---

[1] The undersigned acknowledges that on January 18, 2024, all parties to this action expressed consent to a magistrate judge ruling on the pending motion to compel arbitration. (Doc. 53).

and Housing Act ("FEHA"); (2) failure to provide reasonable accommodations in violation of FEHA; (3) failure to engage in the interactive process in violation of FEHA; (4) retaliation in violation of FEHA; and (5) wrongful termination in violation of public policy. *Id*. at 1.

Following removal of Plaintiff's complaint from state court, on October 13, 2023, the Court issued an order denying Aerotek's earlier motion to compel arbitration without prejudice. (Doc. 34). The Court found that Aerotek failed to provide enough detail to convince the Court that the signature on the arbitration agreement could only be attributed to Plaintiff. *Id*. at 9. The Court reasoned: "Defendant's evidence does not foreclose the possibility that other individuals could have accessed Plaintiff's personnel files and/or signed the agreement." *Id.* at 8. Accordingly, since the Court did not find that there is a valid arbitration agreement, it did not address whether the arbitration agreement encompasses Plaintiff's complaint or whether Caterpillar is a party to the arbitration agreement. *Id*.

Following the Court's denial, the parties convened for a scheduling conference on November 17, 2023, and the Court issued a scheduling order on the same date. (Docs. 39-40). Thereafter, Aerotek filed a renewed motion to compel arbitration. (Doc. 41).

## II.     Standard of Law

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co*., 299 U.S. 248, 254 (1936); *Lockyer v. Mirant Corp*, 398 F.3d 1098, 1109 (9th Cir. 2005). In granting and lifting stays, a court must weigh "the length of the stay against the strength of the justification given for it." *Yong v. I.N.S*., 208 F.3d 1116, 1119 (9th Cir. 2000). "If a stay is especially long or its term is indefinite, [courts] require a greater showing to justify it." *Id*.

In considering whether to grant a stay, this Court must weigh several factors, including "[1] the possible damage which may result from the granting of a stay, [2] the hardship or inequity which a party may suffer in being required to go forward, and [3] the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir.

1962) (citing *Landis*, 299 U.S. at 254–55).  A stay may be warranted in deference to ongoing, parallel proceedings "regardless of whether the separate proceedings are 'judicial, administrative, or arbitral in character, and does not require that the issues in such proceedings are necessarily controlling of the action before the court.'"  *Scottsdale Indemnity Co. v. Yamada*, No. 1:18-cv-00801-DAD-EPG, 2019 WL 7601833, at *3 (E.D. Cal. Jan. 10, 2019) (quoting *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 864 (9th Cir. 1979)).  "[I]f there is even a fair possibility that the . . . stay will work damage to someone else, the party seeking the stay must make out a clear case of hardship or inequity."  *Lockyer*, 398 F.3d at 1112.

### III.    Discussion

####    1.    The Possible Damage That May Result from Granting a Stay

Aerotek argues that Plaintiff will not suffer harm if a stay is granted pending Aerotek's renewed motion to compel arbitration and that the only possible harm would be a delay in obtaining relief, which it argues is not comparable "to the unjustifiable waste of time and money that would result with proceeding with this litigation before the [court] decides whether this dispute is even subject to judicial resolution."  (Doc. 43 pp. 10-11) (quoting *Mundi v. Union Security Life Ins. Co.*, No. CV-F-06-1493 OWW/TAG, 2007 WL 2385069, at *6 (E.D. Cal. Aug. 17, 2007)).

Plaintiff counters that she would suffer damage as it may be several months until the Court would be able to issue a ruling on the renewed motion to compel arbitration.  Plaintiff argues this continued delay will fade the memories of witnesses and notes she urgently needs the testimony of three witnesses before their memories fade further.

"[A] plaintiff may be able to show prejudice by citing particular witnesses or documents that may be adversely affected by a stay."  *Eberle v. Smith*, No. 07-CV-0120 W(WMC), 2008 WL 238450, at *3 (S.D. Cal. Jan. 29, 2008) (imposing stay where Plaintiff did not show with any particularity which witnesses or evidence would be lost during the pendency of an interlocutory appeal); *see Echevarria v. Aerotek, Inc.*, No. 16-cv-04041-BLF, 2019 WL 3207812, at *4 (N.D. Cal. July 16, 2019) (granting stay after three years of litigation where plaintiff did not identify any particular witnesses or documents that may be adversely impacted); *Murphy v. DirecTV, Inc.*,

3

1  No. 2:07-cv-06465-FMC-VBKx, 2008 WL 8608808, at *3 (C.D. Cal. July 1, 2008) (discounting
2  alleged prejudice of risk of lost evidence as speculative).
3      Although Plaintiff references certain conversations with named individuals in her
4  complaint, she does not identify any particularized concerns about why their testimony as to
5  conversations that occurred in 2019 is susceptible to prejudicial deterioration should a stay be
6  imposed (*see* Doc. 47 pp 6-7).  Accordingly, the Court finds that Plaintiff has not demonstrated
7  sufficient prejudice through the risk of failed witness memories to warrant denial of a stay.  *See*
8  *Miles v. Tug*, No. 2:18-cv-02860-DAD-AC, 2022 WL 16739566, at *3 (E.D. Cal. Nov. 7, 2022)
9  ("the issuance of the stay will not substantially injure plaintiff, and plaintiff's arguments to the
10 contrary – delay and fading memory of key witnesses – are not availing.")

11     **2.    The Hardship or Inequity That a Party May Suffer from Being Required to**
12            **Move Forward**

13     Defendants claim that they would be irreparably harmed absent a stay in this action given
14 that the claims that otherwise are subject to discovery may be compelled to arbitration.
15     "Generally, monetary expenses incurred in litigation are not considered irreparable harm.
16 However, arbitration is unique in this aspect." *Zaborowski v. MHN Gov't Servs., Inc.*, No. C 12-
17 05109 SI, 2013 WL 1832638, at *2 (N.D. Cal. May 1, 2013). Potentially arbitrable cases present
18 a unique circumstance because "if a party 'must undergo the expense and delay of a trial before
19 being able to appeal an order denying a motion to compel arbitration, the advantages of
20 arbitration – speed and economy – are lost forever,' a loss the Ninth Circuit describes as 'serious,
21 perhaps, irreparable.'" *Winig v. Cingular Wireless LLC*, No. C-06-4297-MMC, 2006 WL
22 3201047, at *2 (N.D. Cal. Nov. 6, 2006) (quoting *Alascom, Inc. v. ITT North Electric Co.*, 727
23 F.2d 1419, 1422 (9th Cir. 1984); *Miles*, 2022 WL 16739566, at *2.  Recently, the Supreme Court
24 reiterated the significance of a stay pending an appeal of arbitrability. *Coinbase, Inc. v. Bielski*,
25 599 U.S. 736, 743 (2023):

26         If the district court could move forward with pre-trial and trial
        proceedings while the appeal on arbitrability was ongoing, then
27         many of the asserted benefits of arbitration (efficiency, less expense,
        less intrusive discovery, and the like) would be irretrievably lost –
28         even if the court of appeals later concluded that the case actually

belonged in arbitration all along.

*Id*.

In the context of stays pending resolution of a motion to compel arbitration, courts find that the prejudice of delay "is outweighed by the potential prejudice that would result from further litigation of claims which may ultimately be subject to arbitration." *In re Apple iPhone 3G Prods. Liab. Litig.*, No. C 09-02045 JW, 2010 WL 9517400, at *2 (N.D. Cal. Dec. 9, 2010); *Roe v. SFBSC Management, LLC*, No. 14-cv-03616-LB, 2015 WL 1798926, at *4 (N.D. Cal. Apr. 17, 2015) (acknowledging harm from the loss of witnesses, evidence or potential claimants but noting such harm is possible in all cases and not a sufficiently substantial harm to warrant denial of stay without evidence of unusual and particular risk).

On the other hand, Plaintiff argues that Defendants would have to engage in the same discovery and deposition process regardless of whether this case proceeds to arbitration. (Doc. 47 p. 8). Aerotek counters that Plaintiff's discovery requests already have exceeded the provisions of the arbitration agreement and, in fact, exceed that which is permitted under the federal rules. (Doc. 51 p. 8). Given Plaintiff's failure to articulate with any specificity what information or subjects present an urgent need for immediate discovery and whether that discovery would be available should this matter be compelled to arbitration, the Court is unable to assess with confidence Plaintiff's argument concerning the relative scope of discovery between this action and an arbitration. *See Miles*, 2022 WL 16739566, at *3 (noting a court should not be put in a position "to guess at the limitations that would be available if this matter were compelled to arbitration or whether the court should allow broad discovery") (quoting *Mundi*, 2007 WL 23885069, at *6. Accordingly, the Court finds the relative hardships of conducting (or forgoing from undertaking) discovery favors staying the case.

**3.   The Orderly Course of Justice**

In cases where the FAA is implicated, public policy and the orderly course of justice favor staying a civil action that may implicate compelled arbitration. *Zaborowsky,* 2013 WL 1832638, at *3; *Miles*, 2022 WL 16739566, at *3.

The Court is aware that litigation in this case has been ongoing for many years and that

5

the parties have experienced delays due to the ongoing judicial emergency. However, where (as here) there is a tangible concern about the potential for unnecessary expenditure of the parties' (and the Court's) limited resources, a chief consideration for the Court is whether those resources are being used intelligently. *Roe*, 2015 WL 1798926, at *4 ("Prompt remedies are always preferred. But promptness is not the only goal and, like most ends, must bend to accommodate other concerns. The main concern here is the potential waste of the litigants' and the court's resources.").

Based on its review of the pleadings, the parties' motion papers and a consideration of the competing equites articulated above, the Court finds that the orderly course of justice is best served by granting a stay. *See Stiener v. Apple Computer, Inc.*, No. C 07-4486 SBA, 2007 WL 4219388, at *1 (N.D. Cal. Nov. 29, 2007); *Galaxia Electronics Co., Ltd. v. Luxmax, U.S.A.*, No. LA CV16-05144 JAK(GJSx), 2017 WL 11566394, at *2 (C.D. Cal. Dec. 28, 2017).

### IV.     Conclusion

For the reasons set forth above,

1. Defendants' motions to stay (Docs. 43, 49) are GRANTED; and
2. This case is stayed pending the Court's ruling on Aerotek's renewed motion to compel arbitration. (Doc. 41).

IT IS SO ORDERED.

Dated:     **February 28, 2024**                    _____
                                                    UNITED STATES MAGISTRATE JUDGE